**06-22599**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

CIV - SEITZ

GLOBALTECH DISTRIBUTORS,
INC., a Florida Corporation,

        Plaintiff,

v.

NCM SUPPLIES, INC., a Florida
Corporation,

        Defendant.

_____/

### NOTICE OF REMOVAL

    Defendant, NCM SUPPLIES, INC. ("NCM"), hereby files this Notice of Removal of the

above-described action to the United States District Court for the Southern District of Florida,

Miami Division, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade,

County, Florida, where the action is now pending as provided by Title 28, U.S. Code, Chapter 89

and states as follows:

    1.    A copy of Plaintiff, GLOBALTECH DISTRIBUTORS, INC.'s ("GDI"),

Complaint setting forth the claim for relief upon which the action is based was first served on

NCM on October 12, 2006.

    2.    There are no other defendants to this action except Defendant, NCM.  Defendant,

NCM, is a corporation incorporated and existing under the laws of the State of Florida, having its

principal place of business in Miami-Dade County, Florida.  Plaintiff, GDI, is also a corporation

incorporated and existing under the laws of the State of Florida, having its principal place of

business in Miami-Dade County, Florida.

3.      This action was commenced against NCM in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida by GDI, and is of a civil nature.

4.      NCM further alleges that the action was commenced by the filing of the Complaint on October 10, 2006 and by serving process on NCM on October 12, 2006, and that the time has not elapsed within which they are allowed to file this Notice of Removal with this Court.

### Federal Question Jurisdiction

5.      This action arises under the Lanham Act, 15 U.S.C. § 1125, the provisions of which are necessarily applicable and brought into operation by virtue of the Complaint filed in this proceeding.

6.      GDI's action is brought to recover damages and obtain injunctive relief for NCM's alleged use of GDI's trade name and trade dress in commerce.

7.      More specifically, GDI has alleged that NCM has misappropriated, diluted, or otherwise caused damage to its trade name and trade dress through the manufacture and sale of competing products, *i.e.*, remote controls.

8.      The United States District Court for the Southern District of Florida has jurisdiction by reason of 28 U.S.C. § 1331 in that the action arises under the Laws of the United States that, as appears from the Complaint, GDI bases its claim for relief against NCM by virtue of and under the federal statutes and acts of Congress.

9.      Furthermore, GDI's state law claims should not affect NCM's right to removal based on GDI's expressly alleged Lanham Act claims. "Any claim originally filed in state court that could have also been filed in federal court is subject to removal pursuant to 28 U.S.C. §

2

1441(a)." *Capece v. The Depository Trust and Cleaning Corp.*, 2005 W.L. 4050118, *5 (S.D.

Fla. 2005) (citing *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1289 (11th Cir. 2004));

*see also Touragent International, Inc. v. Trans World Airlines, Inc.*, 344 F.Supp. 551, 551-552

(N.D. Ill. 1972) (once plaintiff decided to bring suit on both grounds of federal trademark law

and state law claims, "it afforded the defendants the right of removal. [citations omitted].").

10.    A copy of all process, pleadings, and orders served upon NCM is filed with and

attached to this notice.

11.    NCM will give written notice of the filing of this notice as required by 28 U.S.C.

§ 1446(d).

12.    A copy of this notice will be filed with the clerk of the Eleventh Judicial Circuit

Court in and for Miami-Dade County, Florida as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, NCM SUPPLIES, INC., respectfully requests that this action

proceed in this Court as an action properly removed to it.

Dated: October 23, 2006.

Respectfully Submitted,

FELDMAN GALE, P.A.
*Attorneys for Defendant*
Miami Center – 19th Floor
201 South Biscayne Blvd.
Miami, Florida 33131
Tel:    305-358-5001
Fax:    305-358-3309

By: _____
James A. Gale, Esq.
Florida Bar No. 371726
Lawrence S. Gordon, Esq.
Florida Bar No. 382361

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail and Facsimile to: Andrew C. Hall, Esq. and Adam J. Lamb, Hall, Lamb and Hall, P.A., *Attorneys for Plaintiffs*, 1428 Brickell Avenue, Penthouse, Miami, Florida 33131, on this 23 day of October, 2006.

L:NCM Supplies/Pleadings/Notice of Removal.doc



Clerk of Courts
11th Judicial Circuit of Florida
Miami-Dade County

Home | Online Services | Meet the Clerk | Contact Us | miamidade.gov

## Civil / Family / Probate Justice System Docket Information

### GLOBALTECH DISTRIBUTORS INC vs N C M SUPPLIES INC
\* Click on BOOK/PAGE of a particular docket to see the image if it is available \*

| | |
|---|---|
| **Case Number (LOCAL):** | 2006-20768-CA-01 |
| **Case Number (STATE):** | 13-2006-CA-020768-0000-01 |

**Filing Date:** 10/10/2006

**Dockets Retrieved:** 7

**Judicial Section:** 04

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 10/11/06 | 24998 / 1735 Pages: 7 | COURT ORDER | BK:24998 PG:1735 GRANTING PLTS VERIFIED EMERGENCY MTN FOR TEMP INJUNCTION |
| 10/10/06 | | CIVIL COVER | |
| 10/10/06 | | COMPLAINT | |
| 10/10/06 | | DEMAND FOR JURY TRIAL | |
| 10/10/06 | | MOTION: | NOTICE OF FILING ETC |
| 10/10/06 | | MOTION: | VERIFIED EMERGENCY FOR TEMPORARY INJUNCTION WITH ETC |
| 10/10/06 | | SUMMONS ISSUED | DN01 |

BEGIN NEW SEARCH                                                    ALL PARTII

Home | Online Services | Meet the Clerk | Contact-Us | Miami-Dade County | Privacy Policy | Disclaimer | Troubleshooting Help | Email | Civil Search Home | Login

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI- DADE COUNTY, FLORIDA

GLOBALTECH DISTRIBUTORS,
INC., a Florida Corporation,

GENERAL JURISDICTION DIVISION

Plaintiff,

Case No.: *06 - 20768 CA 01*

v.

NCM SUPPLIES, INC., a Florida
Corporation,

Defendant.
_____/

## AMENDED ORDER GRANTING PLAINTIFF'S VERIFIED EMERGENCY MOTION FOR TEMPORARY INJUNCTION WITHOUT NOTICE AND FOR INSPECTION AND SEIZURE OF INFRINGING GOODS

This cause, having come before the Court on Plaintiff's Verified Emergency Motion for Temporary Injunction Without Notice and for Inspection and Seizure of Infringing Goods, and the Court having reviewed the verified motion and the Complaint, it is Ordered and Adjudged as follows,

The Court makes the following findings of fact for the purposes of granting the instant motion:

1.      Plaintiff GDI manufactures and sells its own brand of remote controls to high quality specifications. GDI's remote controls are innovative and unique. The remotes employ an innovative user friendly color scheme and shape. Further, the remotes contain an intuitive configuration of the buttons on the remote.

2.      GDI's remotes have attained a level of success such that they are now recognized by cable and satellite operators and consumers across the country. Cable and satellite operators and consumers recognize the GDI brand remote controls and associate those products with a high

{93 15\00038803.1}                          1

level of quality and utility. GDI includes its name on all of its remote controls. This information is located either on the front of the remote or on the exterior frame of the remote inside the battery compartment. Additionally, on all models GDI's name appears on the interior motherboard for all remotes along with GDI's toll free telephone number. The inclusion of this information GDI's remotes facilitates greater recognition with its customer base, and gives customers easy access to product support from GDI.

3. In 2000, GDI contracted with Showa Industries (Shanghai) Ltd. ("Showa") to manufacture GDI's remotes according to GDI's designs and specifications. Showa is the exclusive authorized manufacturer of GDI's remote controls.

4. There are at least three different models of GDI remote controls which NCM is counterfeiting and palming off as GDI remotes. With regard to GDI model number GDCT-400, a universal remote, NCM is selling a counterfeit knock off with model number NCM-U-400. The remote appears identical in all other respects and it contains GDI's name on the battery casing and comes with a "GDCT-400" instruction booklet.

5. With regard to GDI model number GDRC-86X, a remote for use with Scientific Atlanta series 8600-8610x cable boxes, NCM is selling a counterfeit knock off with model number NCM-86XX. The remotes appear identical in all other respects and its motherboard contains GDI's name and telephone number.

6. With regard to GDI model number GDRC-400, a remote is for use with General Instrument/Motorola CFT and DCT cable converters, NCM is selling a counterfeit knock off with model number NCM-2200. The remotes appear identical in all other respects and its motherboard contains GDI's name and telephone number.


A TRUE COPY CERTIFICATION ON LAST PAGE ... ... CLERK

{9315\00038803.1}

2

7. Further, as set forth in the affidavit of Manuel Varela, NCM informed Varela it sold the identical remote to the GDI remote for the DPV 550 cable converter and that it would receive shipment of these remotes on Monday, October 9, 2006.

8. Based upon the evidence presented, included the affidavit of Manuel Varela, the court finds that Plaintiff has established a likelihood that customers will be confused as to the manufacturer of the NCM remotes because they are identical in appearance to GDI and indicate in the remote battery casing and/or the motherboard that it is a GDI remote and, in the case of the universal remote, in the instruction booklet that it is a GDCT-400 model remote.

9. The court finds that the NCM remotes are inferior in quality. The LED transmitters used in the NCM knockoffs are inferior. The motherboard of the NCM remote is not tightly fitted which can lead to poor performance and/or non-responsiveness when buttons are pushed. The NCM remote appears to be hand soldered as opposed to machine soldering which is more reliable and stable. NCM's knockoff versions have not been treated to remove harmful flux residue, which can eventually cause the remote control to malfunction.

10. The NCM remotes have an inferior battery holder which will not hold the batteries in place if the remote is accidentally dropped. The plastic used on the outer case of the NCM remotes are of poor quality. This will result in the plastic shattering if the remote is accident dropped. The GDCT-400 is a pre-programmed remote to be compatible with the CFT 2200 cable converter and DCT 1000 series cable converter. NCM's counterfeit remote is not pre-programmed. Further, the instruction manual distributed with the NCM knockoff remote controls not only misrepresents that they are the actual GDI models, but also misrepresents that they are preprogrammed.

A TRUE COPY
CERTIFICATION ON LAST PAGE
CLAREN RUVIN, CLERK

11. Showa, GDI's exclusive manufacturer has confirmed that it has not manufactured any remote controls for NCM nor has it authorized any third parties to do so.

12. GDI remote controls are certified by the following independent certification institutions: 1) ETS-PS; 2) EMC; 3) ISO-9001 and 4) CE. NCM's remotes are not approved for quality and safety by ETS-PS, EMC or CE.

13. GDI has established the elements necessary for entry of a temporary injunction: 1) that it will suffer irreparable harm and has no adequate remedy at law; (2) the its has substantial likelihood of success on the merits, (3) that the threatened injury to the plaintiff outweighs any possible harm to the defendant, and (4) that the granting of the preliminary injunction will not disserve the public interest. U.S. 1 Office Corp. v. Falls Home Furnishings, Inc., 655 So. 2d 209 (Fla. 3d DCA 1995).

14. The court finds that GDI has established a likelihood of success on the merits regarding its claims for palming off in violation of the Lanham Act, 15 U.S.C. §1125(a); unfair competition and trade dress infringement under the Lanham Act; dilution of trade name pursuant to Fla. Stat. Section 495.151, et. seq.; and violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, et. seq.

15. The court finds that GDI has established irreparable harm and lack of an adequate remedy at law in light of the likelihood of confusion between the subject remotes and the potential injury to GDI's goodwill. The court has determined that the threatened injury to the plaintiff outweighs any possible harm to the defendant and that the granting of the preliminary injunction will not disserve the public interest.

16. The court finds that there is a significant risk that upon receiving notice of this lawsuit and motion for temporary injunction, NCM will dispose of their inventory of infringing

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

remotes before the court can address these matters, thereby circumventing the injunction which GDI seeks to have entered. The court finds that if notice is provided, the Defendant may flood the market with its counterfeit remotes prior to a hearing, causing irreparable harm to GDI. Additionally, there may be a health risk to the public because NCM has not obtained all the safety certifications which GDI had acquired regarding its remotes. Therefore, the court finds that entry of a temporary injunction without notice is warranted. For the same reasons, and because it is in the public interest that NCM's counterfeit remote controls be removed from sale to unsuspecting consumers, the Court will order the seizure of said infringing remote controls.

16.     In light of the foregoing, the Court grants the following relief:

(1)     The Court enters a temporary injunction against Defendant NCM Supplies, Inc. and enjoins NCM its agents, employees, related companies, successors and assigns, and all persons acting in concert, participation or combination with it:

a)     from manufacturing or selling its remote control model numbers NCM-U-400; NCM-86XX; and NCM-2200 in their current form or any remote control confusingly similar to GDI's remote controls;

b)     from distributing instruction booklets with any of its remotes which are instruction booklets for GDI products;

c)     from manufacturing or selling any remote controls containing GDI's trade name or trademark and/or telephone number on any part of the remote control or selling any remote controls confusing similar to GDI's remote controls;

d)     from distributing or selling any product bearing GDI's trade name or trade mark and/or telephone number itself or through a third party;

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

e)    from using GDI's trade name or trade mark or using any words, names, images, likeness, visual representation, and other items similar to GDI's trade name or reflecting or giving the appearance of an affiliation with GDI;

(2)    NCM is prohibited from using GDI's trade name or trade mark or using any words, names, images, likeness, visual representation, and other items similar to GDI's trade name or reflecting or giving the appearance of an affiliation with GDI;

(3)'    The Court orders that all infringing remotes in Defendant NCM's possession, custody or control be seized, including but not limited to, those remotes located at NCM's premises at 2163 N.W. 79th Avenue, Miami, Florida 33122. In order to accomplish this seizure, the court appoints **David Tobin, Esq.** as an officer of the court (the "Inspector"), to inspect the subject remote controls and confirm that they contain GDI's name on the exterior of the remote, in the battery casing and/or on the motherboard of the remote so that only infringing remotes are seized. The Plaintiff shall be responsible for payment of fees and expenses to the Inspector.

(4)    The Miami-Dade County Sheriff's Office or other appropriate law enforcement officer having jurisdiction in the locale in which the subject remotes are located, and any person acting under their supervision, direction, and control are hereby authorized to conduct the seizure with the Inspector, and with the assistance of the Plaintiff's representative, either Jorge Rodriguez, Robert Martinez or some other representative designated by the Plaintiff, and seize any and all unauthorized remotes bearing GDI's name on any part of the remote, including the battery casing and/or motherboard, which the Defendant NCM possesses in their warehouse or other places of business, including any carton, container or vessel in which the said products are carried, pending further orders of this Court. Such Miami-Dade County Sheriff or other

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

appropriate official is empowered to call upon the services of any other Sheriff or other appropriate official in any jurisdiction of Florida to effectuate such Order.

(5) The seized merchandise shall be kept in the custody and control of the Sheriff pending further Order from the Court. Plaintiff shall pay all storage costs regarding the seized goods. Plaintiff may seek to recover these costs as a taxable cost at the conclusion of this matter;

(6) Defendant NCM shall cooperate with the appropriate law enforcement officials and the Inspector regarding the seizure and shall provide the items sought to be inspected and/or seized from wherever such items are maintained. In the event that Defendant NCM fails to cooperate with the Sheriff, the Sheriff or other appropriate law enforcement officer are permitted to physically open, break, and enter any door, safe, entry, room, file, drawer, case, envelope or any other container or lock to effectuate the seizure.

(7) Defendant NCM may move to dissolve of modify this Order at any time;

(8) The court orders Plaintiff GDI to post a bond in the amount of $75,000 within three business (3) days of the entry of this order and this order is conditioned upon the posting of said bond.

(9) The Plaintiff is directed to serve a copy of this Order along with the motion for temporary injunction and the Complaint upon Defendant NCM at the time the subject remote controls are seized.

DONE and ORDERED in Chambers in Miami-Dade County, Florida this ___ day of October, 2006.

CIRCUIT COURT JUDGE

: 'ALD D. HUBBART!

cc: Adam J. Lamb, Esq.

STATE OF FLORIDA, COUNTY OF DADE IRCULT JUDGE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original on file in this office. OCT __ AD 20 06
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk

{93150\00038803.1}

7

# CIVIL COVER SHEET

The civil sheet and the informa   . contained herein neither replace nor sup   .ment the filing and service of pleadings or other papers as required by law. This form is required of the use of the Clerk of the court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instructions on the reverse of the form.)

## I.  CASE STYLE

(Name of Court)  Eleventh Judicial Circuit

Plaintiffs        .GLOBALTECH DISTRIBUTORS, INC.                    Case #_____

                                                                   Judge: _____

vs.

Defendants      NCM SUPPLIES, INC

## II.                          TYPE OF CASE

(Place an x in one box only.  If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐  Simplified dissolution | ☐  Professional Malpractice | ☐  Contracts |
| ☐  Dissolution | ☐  Products liability | ☐  Condominium |
| ☐  Support - IV-D | ☐  Auto negligence | ☐  Real property/Mortgage foreclosure |
| ☐  Support - Non IV-D | ☐  Other negligence | |
| ☐  URESA - IV-D | | ☐  Eminent domain |
| ☐  URESA - Non IV-D | | ☒  Other |
| ☐  Domestic violence | | |
| ☐  Other domestic relations | | |

## III.   Is Jury Trial Demanded in Complaint?

            X      Yes
            ☐      No

Date  _10/10/06_

SIGNATURE FOR ATTORNEY FOR PARTY INITIATING ACTION

Form 1.997

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI- DADE COUNTY, FLORIDA

GLOBALTECH DISTRIBUTORS,
INC., a Florida Corporation,

GENERAL JURISDICTION DIVISION

           Plaintiff,

Case No.:  06 - 20768 CA 04

v.

NCM SUPPLIES, INC., a Florida
Corporation,

           Defendants.

_____/

## NOTICE OF FILING IN SUPPORT OF PLAINTIFF'S VERIFIED EMERGENCY MOTION FOR TEMPORARY INJUNCTION WITHOUT NOTICE AND FOR SEIZURE OF INFRINGING GOODS

PLAINTIFF, Globaltech Distributors, Inc., by and through undersigned counsel, hereby

gives notice of filing the following in support of Plaintiff's Verified Emergency Motion for

Temporary Injunction without Notice and for Seizure of Infringing Goods:

1.      Affidavit of Manuel Varela, dated October 3, 2006.

2.      Declaration of Joy Quan, dated October 5, 2006.

                    Respectfully submitted,

                    HALL, LAMB AND HALL, P.A.
                    Attorneys for Plaintiffs
                    1428 Brickell Avenue, Penthouse
                    Miami, Florida 33131
                    TEL. 305-374-5030
                    FAX. 305-374-5033

                    ANDREW C. HALL
                    FBN: 111480
                    ADAM J. LAMB
                    FBN: 899046
                    MARK E. STEINER
                    FBN: Pending

{9315\00038550.1}

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 • TEL. (305) 374-5030 • FAX (305) 374-5033

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GLOBALTECH DISTRIBUTORS, INC.
a Florida corporation,

        General Jurisdiction Division

        Plaintiff,

        Case No.:

vs.

        06-20768 CA 04

NCM SUPPLIES, INC.,
a Florida corporation,

        Defendant.
_____/

## AFFIDAVIT OF MANUEL VARELA

BEFORE ME, the undersigned authority, personally appeared Manuel Varela who, after being duly sworn, deposes and says:

1.     I am over 18 years of age and make this affidavit based upon my personal knowledge.

2.     I am the manager of Universal Satellite Distributors, Inc. ("USD") a Florida corporation with its principal office in Miami, Florida. USD sells satellite dishes and receivers and remote controls, cable converters, remote controls modems and cable equipment to its customers. I have been in the cable/satellite television industry since 2000.

3.     On October 2, 2006, I telephoned NCM Supplies, Inc. ("NCM") in order to purchase remote controls to sell to USD's customers and spoke to Yudith Valdez. During the telephone conversation, I asked if NCM sold the universal remote, model number 400, manufactured by Globaltech Distributors, Inc. ("GDI"). She informed me that NCM sold the identical remote. I also requested if she sold the GDI remote for the DPV 550 cable converter.

{AJL\00038254.1}

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL. (305) 374-5030 · FAX (305) 374-5033

She informed me that NCM sold this identical remote and would receive its shipment of the 550 remotes on Monday, October 9, 2006.

4.      Later that day, I visited NCM's office. NCM sold me a box of 100 remotes for a price of $2.90 each. (The invoice evidencing this purchase is attached as Exhibit "B"). The universal remote control NCM sold me was identical to GDI model GDCT-400, but contained a model number "NCM-U-400" on the remote. The NCM remote was the identical shape, contained the identical colors and the identical configuration of buttons as the GDI remote. The inside of the battery casing of the remote indicated that it was manufactured by GDI. (Photos are attached as Exhibit "A"). Further, the instruction manual NCM provided with its remote indicated that it was GDI model GDCT-400. (See Exhibit "A").

5.      It is my opinion that my customers would likely be confused as to the manufacturer of the remotes I purchased from NCM as they are identical in appearance to GDI and indicate in the remote battery casing that its is a GDI remote and in the instruction booklet that it is a GDCT-4000 model remotes.

6.      Based upon my knowledge in the industry, the NCM remotes appear to be of lesser and inferior quality to the GDI remotes. The LED transmitter is of an inferior quality. Additionally, the motherboard of the NCM remote is not tightly fitted which can lead to poor performance. The NCM remote appears to be hand sodered as opposed to machine sodering which is more reliable and stable. The quality of the components also appears inferior.

7.      Additionally, the GDCT-400 is a pre-programmed remote to be compatible with the CFT 2200 cable converter and DCT 1000 series cable converter. The NCM remote is not pre-programmed.

{AJL\00038254.1}

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 ·TEL. (305) 374-5030 ·FAX (305) 374-5033

FURTHER AFFIANT SAYETH NOT.

STATE OF FLORIDA          )
                          ) SS
COUNTY OF MIAMI-DADE)

_____
MANUEL VARELA

SWORN TO AND SUBSCRIBED before me this 3 day of October, 2006, by MANUEL VARELA who is personally known to me or has produced DL V 640-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 as identification and did take an oath.

**Irma Fernandez**
Commission # DD534007
Expires March 28, 2010
Bonded Troy Fain - Insurance, Inc 800-385-7019

_____
NOTARY PUBLIC, State of Florida
Print Name:

Irma Fernandez

My Commission Expires: 3/28/2010

{AJL\00038254.1}

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL. (305) 374-5030 · FAX (305) 374-5033

# Exhibit

# A

To Affidavit of Manuel Varela



lighter color when compared to original

Original Part # GDCT-400

Knockoff has a different model number on front case

**EXHIBIT "A-1"** – Universal remote control model GDCT-400 top view



**EXHIBIT "A-2"** – Universal remote control model GDCT-400 battery case



The GDCT-400 is already programmed to control the Scientific Atlanta EXPLORER 2000 Digital Home Communications Box.

Wrong Information

GDI Original Owners Manuals

Counterfeit Owners Manuals
Using our model number

Correct Information

The GDCT-400 is already programmed to control the Motorola (General Instrument) CFT2200 Digital Home Communications Box.

**EXHIBIT "A-3"** – Universal remote control model GDCT-400 Instruction Manual



**EXHIBIT "A-4"** – Universal remote control model GDCT-400 internal circuit board and LED transmitter

# Exhibit B

## To Affidavit of Manuel Varela



2101 NW 79TH AVE
MIAMI, FL 33122

# Invoice

| Date | Invoice # |
| --- | --- |
| 10/2/2006 | 4510 |

| Bill To | Ship To |
| --- | --- |
| MANUEL VARELA | |

| P.O. No. | Terms | Due Date | Rep | Ship Via | FOB |
| --- | --- | --- | --- | --- | --- |
| | C.O.D. | 10/2/2006 | MM | CPU | MIAMI |

| Item | Description | Qty | Rate | Amount |
| --- | --- | --- | --- | --- |
| NCM-U-400 | UNIVERSAL REMOTE CONTROL | 100 | 2.90 | 290.00 |

MM

| | |
| --- | --- |
| **Total** | $290.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $290.00 |

| Phone # | Fax # |
| --- | --- |
| 305-640-0461 | 305-639-2684 |

Paid.

# DELIVERY

**2720**

**NCM SUPPLIES**

2163 N.W. 79th Ave. Miami, Florida 33122
Contact US: SALES@NCMSUPPLIES.COM
Ph: 305-640-0461 Fax: 305-639-2684

| Date: 10/2/06 | Customer No.: |
|---|---|

**CONTROL No.**

PLEASE USE OUR CONTROL No. WHEN
REFERRING TO THIS SHIPMENT

| TRANSPORTING CARRIER: | DELIVER TO: |
|---|---|
| | Manuel Varela |

| No. Pcs | Description |
|---|---|
| 100 | NCM - 11 - 400 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

| TOTAL No. PCS. | AIRWAY BILL | DOCK/WAREHOUDE RECEIPT No. | TOTAL WEIGHT |
|---|---|---|---|
| | | | |

| THE CARRIER OR CARTMAN TO WHOM THIS ORDER IS ASSIGNED WILL BE HELD RESPONSIBLE FOR SAID GOODS. | MARKS: | | IMPORTANT |
|---|---|---|---|

TRANSPORTING CARRIER:
RECEIVED THE ABOVE IN GOOD CONDITION

RECEIVED THE ABOVE IN GOOD CONDITION BY

10-2-06.

10 05 2006  12:28    86 21 58369218
06/1  2006 00:54 FAX 86 21 58369218         SHOWA IND (SHANGHAI) LTD                    ✎001

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GLOBALTECH DISTRIBUTORS, INC.
a Florida corporation,

           Plaintiff,

vs.

NCM SUPPLIES, INC.,
a Florida corporation,

           Defendant.

General Jurisdiction Division

Case No.:

_____/

### DECLARATION OF JOY QUAN

I, JOY QUAN, hereby make the following declaration:

1.    I am over eighteen (18) years of age and make this declaration based upon my personal knowledge.

2.    I am the President of Showa Industries (Shanghai) Ltd. ("Showa") located in Shanghai, China.

3.    Showa is the exclusive manufacturer of remote control devices for Global Distributors, Inc. also known as "GDI." Showa manufactures the remote controls pursuant to GDI's specifications and designs.

4.    Showa manufactures the following model numbers for GDI: GDRC-400, GDRC-86X, GDCT-400. Showa also manufacture GDI model numbers: GD-550; GDRC-175; GDRC-S3; GDRC-S4; GDRC-86XT; GD-2000; GD-700; GDVRD-3; GDRC-200; GDRC-400T; and GDEX-2000.

5.      On February 28, 2006, Showa obtained a design patent in China regarding GDI's design for its remote controls. (Attached as Exhibit "1"). Pursuant to the law of China, GDI may be added to this patent on February 26, 2007.

6.      Showa has never manufactured any remote controls for NCM Supplies, Inc. ("NCM"). Showa has never authorized any third parties to manufacture remote controls for NCM using GDI's specifications and design.

Under penalties of perjury under the laws of the United States of America, I declare that I have read the foregoing and that the facts stated in it are true and correct.

Executed on October 5, 2006.

For and on behalf of

上海宏华工贸有限公司
SHOWA INDUSTRIES (SHANGHAI) LTD.

_____

JOY QUAN                      Authorized Signature(s)

# Exhibit
# 1

# 华人民共和国国家知识产权局

共 1 页                                                                              0613400CN

| 邮政编码: 200233                                  A | 发文日期: |
|---|---|
| 上海桂平路435号<br>上海专利商标事务所有限公司<br>闻卿 | 2006 年 2 月 28 日 |
| 申请号:200630034072.4 ‖‖‖‖‖‖‖‖‖‖‖‖‖ | |

## 专利申请受理通知书

　　根据中华人民共和国专利法第二十八条及其实施细则第三十九条、第四十条的规定，申请人提出的专利申请国家知识产权局专利局予以受理。现将确定的申请号和申请日通知如下：

### 申请号: **200630034072.4**

### 申请日:2006 年 2 月 28 日

### 申请人:上海索华工贸有限公司

### 使用该外观设计的产品名称:遥控器（GDCT-400）

经核实确认国家知识产权局专利局收到如下文件：

请求书　　每份页数:2　　份数:2　　　　　图或照片　每份页数:2　　份数:2
专利代理委托书

**简要说明**

1. 根据专利法第二十八条规定，申请文件是邮寄的，以寄出的邮戳日为申请日。若申请人发现上述申请日与邮寄申请文件之日不一致时，可在收到本通知书起两个月内向国家知识产权局专利局受理处提交意见陈述书及挂号条杆根，要求办理更正申请日手续。
2. 申请号是国家知识产权局给予每一件被受理的专利申请的代号，是该申请最有效的识别标志。申请人向我局办理各种手续时，均应准确、清晰写明申请号。
3. 寄给审查员个人的文件或汇款不具法律效力。
4. 中间文件、分案申请、要求本国优先权的申请应直接寄交国家知识产权局专利局上海代办处



中华人民共和国国家知识产权局

共 1 页

# 华人民共和国国家知识产权局

061339CN

邮政编码：200233

A

发文日期：

上海桂平路435号

上海专利商标事务所有限公司

闻卿

2006 年 2 月 28 日

申请号：200630034071.X

# 专利申请受理通知书

　　根据中华人民共和国专利法第二十八条及其实施细则第三十九条、第四十条的规定，申请人提出的专利申请国家知识产权局专利局予以受理。现将确定的申请号和申请日通知如下：

**申请号：** **200630034071.X**

**申请日：2006 年 2 月 28 日**

**申请人：上海索华工贸有限公司**

**使用该外观设计的产品名称：遥控器（GDEX-2000）**

**经核实确认国家知识产权局专利局收到如下文件：**

请求书　　每份页数：2　　份数：2　　　　　　　图或照片　　每份页数：2　　份数：2

专利代理委托书

**简要说明**

1. 根据专利法第二十八条规定，申请文件是邮寄的，以寄出的邮戳日为申请日。若申请人发现上述申请日与邮寄申请文件之日不一致时，可在收到本通知书起两个月内向国家知识产权局专利局受理处提交意见陈述书及挂号条存根，要求办理更正申请日手续。
2. 申请号是国家知识产权局给予每一件被受理的专利申请的代号，是该申请最有效的识别标志。申请人向我局办理各种手续时，均应准确、清晰写明申请号。
3. 寄给审查员个人的文件或汇款不具法律效力。
4. 中间文件、分案申请、要求本国优先权的申请应直接寄交国家知识产权局专利局受理处。



中华人民共和国国家知识产权局



左视图                    右视图



立体图

外 观 设 计 图 或 照 片

 

主视图 　　　　　　　　　 后视图

 

俯视图 　　　　　　　　　 仰视图



左视图                    右视图

立体图

观 设 计 图 或 照 片





主视图                    后视图





俯视图                    仰视图

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI- DADE COUNTY, FLORIDA

GLOBALTECH DISTRIBUTORS,
INC., a Florida Corporation,

                  Plaintiff,

v.

NCM SUPPLIES, INC., a Florida
Corporation,

                  Defendant.

_____/

GENERAL JURISDICTION DIVISION

Case No.:  06 - 20768 CA 04

## PLAINTIFF'S VERIFIED EMERGENCY MOTION FOR TEMPORARY INJUNCTION WITHOUT NOTICE AND FOR SEIZURE OF INFRINGING GOODS

Plaintiff GLOBALTECH DISTRIBUTORS, INC. ("GDI"), by and through its undersigned counsel and pursuant to Fla. R. Civ. P. 1.610 (a), hereby moves this Court to enjoin Defendant NCM SUPPLIES, INC.("NCM") from manufacturing and selling counterfeit remote controls bearing the GDI trade name, and to seize NCM's infringing goods and as grounds states as follows:[1]

### A.  Introduction

Plaintiff GDI seeks an emergency injunction to prevent Defendant NCM from manufacturing and selling counterfeit and inferior knockoff versions of GDI's uniquely designed cable/satellite remote controls and to seize such remote controls.  Defendant's counterfeit remotes, which bear GDI's trade name without authorization, are poorly constructed, employ inferior components, and are damaging to GDI's reputation.  Further, Defendant's counterfeit remotes do not have the safety certifications held by GDI's products.

_____

[1] Plaintiffs' Complaint is incorporated herein by reference.

{9315\00038444.1}          1

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 • TEL. (305) 374-5030 • FAX (305) 374-5033

Plaintiff GDI seeks an injunction without notice and seizure of the goods so that the Defendants do not dispose of their inventory of infringing remotes before the court can address these matters, thereby circumventing the injunction which GDI seeks to have entered. If notice is provided, the Defendant may flood the market with its counterfeit remotes prior to a hearing, causing irreparable harm to GDI.

## B.  Factual Background

### 1. GDI's Remote Controls

GDI began its business in 1999 by refurbishing remote controls for cable companies which employed analog technology. GDI would buy used remote controls from cable operators and then repair and test them before they were sold as refurbished remotes. As the business grew, the manual refurbishing process became too cumbersome. Jorge Rodriguez, the founder of GDI, sought out manufacturing companies to manufacture GDI's own brand of remote controls to GDI's high quality specifications. GDI is currently awaiting approval of patent and trademark applications already filed regarding the design of its remotes. GDI expects to receive final approval in January, 2007.

GDI's remote controls are innovative and unique.[2] The remotes employ an innovative user friendly color scheme and shape. Further, the remotes contain an intuitive configuration of the buttons on the remote. GDI's remotes have attained a level of success such that they are now recognized by cable and satellite operators and consumers across the country. Cable and satellite operators and consumers recognize the GDI brand remote controls and associate those products with a high level of quality and utility. GDI includes its name on all of its remote controls. This information is located either on the front of the remote or on the exterior frame of the remote inside the battery compartment. Additionally, all models GDI's name appears on the interior

---

[2] GDI's catalog of products is attached hereto as Exhibit "F"

{9315\00038444.1}                    2

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL. (305) 374-5030 · FAX (305) 374-5033

motherboard for all remotes along with GDI's toll free telephone number. The inclusion of this information GDI's remotes facilitates greater recognition with its customer base, and gives customers easy access to product support from GDI.

In 2000, GDI contracted with Showa Industries (Shanghai) Ltd. ("Showa") to manufacture GDI's remotes according to GDI's designs and specifications. Showa is the exclusive authorized manufacturer of GDI's remote controls. (See Declaration of Joy Quan, President of Showa attached as Exhibit "D"). Upon engaging Showa, GDI made several modifications to its previous remote control designs, including modifying the shape, color and button schemes. Based upon GDI's unique design, Showa has obtained a design patent regarding GDI's remote controls in China. (See exhibit "1" attached to the Quan Declaration).

## 2. NCM Purposefully Counterfeits GDI's Remotes and Palms Them Off as GDI Remotes

There are at least three different models of GDI remote controls which NCM is counterfeiting and palming off as GDI remotes. These are:

1)  **GDI model number GDCT-400.**  This is a universal remote. NCM is selling a counterfeit knock off with model number NCM-U-400. The remote appears identical in all other respects and *it contains GDI's name on the battery casing and comes with a "GDCT-400" instruction booklet*; (See photos attached as Composite Exhibit "A").

2)  **GDI model number GDRC-86X.**  This remote is for use with Scientific Atlanta series 8600-8610x cable boxes. NCM is selling a counterfeit knock off with model number NCM-86XX.[3] The remotes appear identical in all other respects and *its motherboard contains GDI's name and telephone number.* (See photos attached as Composite Exhibit "C").

---

[3] GDI confirmed the sale of this counterfeit remote when it had one of its customers place an order on September 14, 2006 with NCM and NCM provided the customer with this counterfeit remote.

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL. (305) 374-5030 · FAX (305) 374-5033

3)      **GDI model number GDRC-400.**   This remote is for use with General Instrument/Motorola CFT and DCT cable converters.  NCM is selling a counterfeit knock off with model number NCM-2200.[4]  The remotes appear identical in all other respects and *its motherboard contains GDI's name and telephone number.* (See photos attached as Composite Exhibit "B").[5]

GDI recently discovered that NCM is selling counterfeit knock-offs of its remotes to the public and representing them to be GDI remotes.  On October 2, 2006, Manuel Varela, the manager of Universal Satellite Distributors, Inc. ("USD"), a company which sells satellite dishes, receivers, cable converters and remote controls, telephoned NCM in order to purchase remote controls to sell to USD's customers.

During the telephone conversation, Varela asked if NCM sold the universal remote, model number 400, manufactured by GDI.  NCM informed Varela that NCM sold the identical remote.  Varela also requested if NCM sold the GDI remote for the DPV 550 cable converter.  NCM informed Varela that NCM sold this identical remote and would receive its shipment of the DPV 550 remotes on Monday, October 9, 2006.  (See Affidavit of Varela, attached as Exhibit "E").  Later that day, Varela visited NCM's office.  NCM sold him a box of 100 remotes for a price of $2.90 each.

The universal remote control NCM sold to Varela was identical to GDI model GDCT-400, but contained a model number "NCM-U-400" on the remote.  The NCM remote was the identical shape, contained the identical colors and the identical configuration of buttons as the

---

[4] GDI confirmed the sale of this counterfeit remote when it had one of its customers place an order on September 13, 2006 with NCM and NCM provided the customer with this counterfeit remote.

[5] Additionally, as stated in Varela's affidavit discussed *infra*, NCM is receiving a shipment of a fourth knock off identical to the GDI remote for the DPV 550 cable converter on Monday, October 9, 2006.

{9315\00038444.1}                                    4

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 • TEL. (305) 374-5030 • FAX (305) 374-5033

GDI remote. *The inside of the battery casing of the NCM counterfeit remote indicated that it was manufactured by GDI.* (Photos are attached as Composite Exhibit "A"). *Further, the instruction manual NCM provided with its counterfeit remote indicated that it was GDI model GDCT-400.* (Exhibit "A-3").

As confirmed by Varela, customers will likely be confused as to the manufacturer of the NCM remotes because they are identical in appearance to GDI and indicate in the remote battery casing that it is a GDI remote and in the instruction booklet that it is a GDCT-400 model remote.

### 3. NCM's Counterfeit Remotes are Inferior in Quality

#### *NCM's Remotes Have Inferior Quality Parts*

The NCM remotes are inferior in quality. First, the LED transmitters used in the NCM knockoffs are inferior. (See Exhibits "A-4," "B-3," "C-2"). The higher quality LED used by GDI provides more reliable and longer lasting performance. Additionally, the motherboard of the NCM remote is not tightly fitted which can lead to poor performance and/or non-responsiveness when buttons are pushed. (See Exhibit "B-4"). The NCM remote appears to be hand soldered as opposed to machine soldering which is more reliable and stable. (See Exhibit "B-5"). NCM's knockoff versions have not been treated to remove harmful flux residue, which can eventually cause the remote control to malfunction. (See Exhibit "B-5").

The NCM remotes have an inferior battery holder which will not hold the batteries in place if the remote is accidentally dropped. (See Exhibits "A-2," "B-2"). The plastic used on the outer case of the NCM remotes are of poor quality. (See Exhibits "B-4," "B-5"). This will result in the plastic shattering if the remote is accident dropped.

The GDCT-400 is a pre-programmed remote to be compatible with the CFT 2200 cable converter and DCT 1000 series cable converter. NCM's counterfeit remote is not pre-

{9315\00038444.1}                                    5

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL. (305) 374-5030 · FAX (305) 374-5033

programmed. Further, the instruction manual distributed with the NCM knockoff remote controls not only misrepresents that they are the actual GDI models, but also misrepresents that they are preprogrammed. (See Exhibit "A-3"). NCM's failure to preprogram the remotes will be considered a defect by the consumer.

Showa, GDI's exclusive manufacturer has confirmed that it has not manufactured any remote controls for NCM nor has it authorized any third parties to do so. Clearly, NCM's counterfeit remote controls are not being manufactured under GDI's high quality specifications.

### NCM's Remotes Have Not Been Certified for Quality and Safety

Significantly, the NCM remotes are not approved for quality and safety by the several independent certification institutions. They do not have the proper certifications to ensure quality and safety as the GDI remote controls do. GDI remote controls are certified by the following independent certification institutions: 1) ETS-PS; 2) EMC; 3) ISO-9001 and 4) CE.[6]

NCM's counterfeit remote controls are not certified to bear the "EMC" mark. This mark satisfies compliance with FCC rules under 47 C.F.R. 15, Subpart B. Virtually all products that employ a microprocessor are regulated by the FCC and required to carry this mark. NCM's counterfeit remote controls also do not bear the "ETS-PS" mark. This mark represents certification that the product bearing it meets worldwide safety standards agreed to by the United States, the European Union, and others. NCM remote only contains a certification from ISO-9001. Obviously, GDI's multiple certifications indicate the higher quality of its remotes.

---

[6] This mark indicates that the electronic equipment meets the standards for safety promulgated by the European Union. The CE mark is a mandatory marking for certain electronic products to indicate conformity with the essential health and safety requirements set out in European Directives. GDI's products are certified and bear the CE mark. NCM's counterfeit remotes do not contain a "CE mark."

{9315\00038444.1}                                         6

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 • TEL. (305) 374-5030 • FAX (305) 374-5033

As the memorandum of law below will demonstrate, GDI is entitled to the entry of a temporary injunction without notice and seizure of the infringing goods to prevent NCM from continuing to sell its counterfeit and inferior remotes.

## C.  MEMORANDUM OF LAW

### 1.  Plaintiff is Entitled to Entry of A Temporary Injunction Without Notice

In order for a temporary injunction to be granted under Fla. R. Civ. P. 1.610, the plaintiff must prove: 1) that it will suffer irreparable harm and has no adequate remedy at law; (2) the its has substantial likelihood of success on the merits, (3) that the threatened injury to the plaintiff outweighs any possible harm to the defendant, and (4) that the granting of the preliminary injunction will not disserve the public interest. Singletary v. Costello, 665 So. 2d 1099 (Fla. 4th DCA 1996); U.S. 1 Office Corp. v. Falls Home Furnishings, Inc., 655 So. 2d 209 (Fla. 3d DCA 1995); Graham v. Edwards, 472 So.2d 803, 806 (Fla. 3d DCA 1985).   GDI satisfies these requirements.

Fla. R. Civ. P. Rule 1.610(a)(1) provides for the issuance of a temporary injunction without notice to the opposing party.[7]  "To justify issuance of a restraining order without notice, it must appear that the time required to give notice of a hearing would actually permit the threatened injury to occur."   Lieberman v. Marshall, 236 So.2d 120, 125 (Fla. 1970).

In the instant case, there is a significant risk that upon receiving notice of this lawsuit and motion for temporary injunction, NCM will immediately and wrongfully liquidate its stock of the

---

[7] The Rule provides that such an injunction may issue if "it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and the movant's attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required." Id. No efforts have been made by the undersigned to provide notice and the reasons why notice should not be required are set forth herein.

{9315\00038444.1}                    7

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 • TEL. (305) 374-5030 • FAX (305) 374-5033

subject counterfeit remote controls.  NCM would thereby be committing the very wrong which this lawsuit and injunction seeks to prevent.  In fact, notice of this motion would actually precipitate the threatened injury.

Further, because NCM has not obtained the necessary safety certifications for the remotes, a temporary injunction without notice is warranted.  An injunction may issue without notice to the opposing party when public health or safety is threatened.  Lieberman, 236 So.2d at 132 *quoting* Cantwell v. State of Connecticut, 310 U.S. 296, 308 (1940) ("When a clear and present danger appears...or other immediate threat to public safety, peace, or order, appears, the power of the state to prevent or punish is obvious.").

For the same reasons, and because it is in the public interest that NCM's counterfeit remote controls be removed from sale to unsuspecting consumers, the Plaintiff seeks the seizure of the infringing remote controls.  See, National Football League Properties, Inc. v. Lieber, 1991 WL 241861 (Fla. Cir. Ct. 1991).  Such an order is proper where, as here, there is likelihood that the defendants may dump or transfer the counterfeit goods to unknown third parties.  Fimab-Finanziaria Maglificio Biellese Fratelli Fila, S.P.A. v. Kitchen, 548 F.Supp. 248 (S.D. Fla. 1982)(seizure of counterfeit warm up suits containing imitation of plaintiff's trade name was proper).

### 2. The Entry of an Injunction is Required to Prevent Irreparable Harm and Plaintiff has No Adequate Remedy at Law

GDI will suffer irreparable injury if NCM is not immediately enjoined from selling its inferior counterfeit remote controls.  As set forth above, NCM's counterfeit products are virtually identical to GDI's remote controls, creating a very strong likelihood of customer confusion, "and this injury is by its very nature irreparable, since no payment of money damages

{9315\00038444.1}

8

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 • TEL. (305) 374-5030 • FAX (305) 374-5033

in itself can abate the confusion." <u>Teledyne Industries, Inc. v. Windemere Products, Inc.</u>, 433 F.Supp. 710, 740 (S.D.Fla. 1977).

Every counterfeit remote control NCM sells threatens further customer confusion and harms GDI in terms of lost sales and amassed goodwill. NCM's counterfeit products are poorly constructed out of inferior materials and components, and are more likely to break down or not work. Such inferior products not only usurp GDI remote control sales but are a genuine threat to GDI's continued reputation for selling quality products. Furthermore, if NCM's counterfeit products do damage GDI's goodwill and marketplace position, it will be extraordinarily difficult if not impossible to overcome and regain such an advantageous position and reputation. Therefore, GDI is threatened with irreparable injury if NCM is not immediately enjoined from selling its counterfeit products.

Furthermore, GDI has no adequate remedy at law available if NCM is allowed to continue selling its counterfeit remote controls. When there is a strong possibility of customer confusion, the conclusion that the injury "may not be fully compensable in damages almost inevitably follows." <u>Teledyne</u> 433 F.Supp. at 740, *quoting* <u>Omega Importing Corp. v. Petri-Kine Camera Co.</u>, 451 F.2d 1190, 1195 (2d Cir. 1971). Much of GDI's success to date is predicated on its reputation for quality products. If NCM is allowed to sell its counterfeit remote controls, the damage to GDI extends far beyond the potential sales misappropriated by NCM. The damages include such intangible injuries as loss of goodwill and a diminished and tarnished reputation among the consumer base.

Besides the intangible harms for which there is no adequate remedy at law, GDI would also suffer immeasurable monetary damages that would be nearly impossible to accurately determine. While the number of counterfeit remote controls sold by NCM can be quantified, the

{9315\00038444.1}                                    9

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 • TEL. (305) 374-5030 • FAX (305) 374-5033

effect that those counterfeit remote controls have on future sales cannot.  The dilution of GDI's market position due to introduction of NCM's counterfeit goods is unquantifiable, and the negative effect NCM's counterfeit products may have is indeterminate and potentially catastrophic, especially when one considers the lack of safety certification of NCM's counterfeit products.

### 3. There is a Substantial Likelihood That Plaintiff Will Prevail on the Merits

NCM is openly and obviously palming off identical counterfeit replicas of unique GDI remote controls as their own product.  GDI has asserted causes of action for palming off in violation of the Lanham Act; dilution of trade name; unfair competition and violation of Florida's Unfair and Deceptive Trade Practice Act.  Even though GDI's patents and trademark registrations are still pending, GDI is entitled to protection under these causes of action.

Liability for palming off, which applies regardless of whether a mark is registered, is based on the Lanham Act §43(a), codified at 15 U.S.C. §1125(a)[8]. Palming  off  is  prohibited under 15 U.S.C. §1125.  Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003).

---

[8] 15 U.S.C. §1125(a) states:

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

{9315\00038444.1}                    10

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 • TEL. (305) 374-5030 • FAX (305) 374-5033

*See also* Turner Greenberg Associates, Inc. v. C&C Imports, Inc., 320 F.Supp.2d 1317, 1333 (S.D.Fla. 2004). The main inquiry in determining whether palming off has occurred is "whether the defendant is passing off goods or services as those of the plaintiff by virtue of substantial similarity between the two, leading to confusion on the part of potential customers." C&C Imports at 1333, *quoting* Monsanto Co. v. Campuzano, 206 F.Supp.2d 1252, 1265, (S.D.Fla. 2002). In the instant case, by virtue of NCM's sale of counterfeit remotes which bear GDI's mark and are identical to GDI's remotes, NCM is passing off its goods as those of the GDI leading to confusion on the part of potential customers. GDI has a substantial likelihood of success of prevailing on this claim.

Florida is also likely to prevail on its claim for violation of FDUTPA. The statute prohibits deceptive and unfair trade practices. "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. §501.204(1). This section specifically references the Lanham Act §43(a), quoted above, in guiding interpretation. §501.204(2). "Unfair competition includes likelihood of customer confusion and passing off, and also acts as an 'umbrella for all statutory and non-statutory causes of action arising out of business conduct which is contrary to honest practices in industrial or commercial matters.'" Chassis Master Corp. v. Borrego, 610 F.Supp. 473, 479 (S.D.Fla. 1985). *See also* Laboratorios Roldan, C. Por A. v. Tex International, Inc., 902 F.Supp. 1555 (S.D.Fla. 1995) (violations of Florida Deceptive and Unfair Practices Act includes the notion of "palming off."). Accordingly, NCM's palming off in violation of the Lahnam Act also is a violation of Florida's Unfair and Deceptive Trade Practices Act.

GDI has also asserted a cause of action for common law unfair competition. Selling a

{9315\00038444.1}                    11

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL. (305) 374-5030 · FAX (305) 374-5033

product that misleads consumers as to the product's company of origin is classic unfair competition:

> Unfair competition is almost universally regarded as a question of whether the defendant is passing off his goods or services as those of the plaintiff by virtue of substantial similarity between the two, leading to confusion on the part of potential customers. The whole basis of the law of 'unfair competition' . . . is that no one shall sell his goods in such a way as to make it appear that they come from some other source. As a general rule…the same facts which would support an action for trademark infringement would also support an action for unfair competition. (emphasis added).

Boston Professional Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc., 510 F.2d 1004 (5th Cir. 1975).

GDI also has a substantial likelihood of prevailing on its claim for dilution of trade name. Florida courts have held that: "There is no doubt that the commercial value of the plaintiff's trade name and service mark is likely to be diluted by defendant's unauthorized use of a virtually identical trade name and service mark, and that this will create a likelihood of injury to plaintiff's business reputation." American United Life Ins. Co. v. American United Ins. Co., 731 F.Supp. 480 (S.D.Fla. 1990).

NCM's conduct in the case at bar fit squarely under the definitions and descriptions of GDI's asserts causes of action. NCM sold counterfeit remote controls that are identical in every respect save the model number to the remote controls sold by GDI. NCM's models clearly display GDI's trade name on the casing of the product. The fact that NCM used GDI's name on its counterfeit products is very likely to, and may already have, cause customer confusion. Furthermore, the inferior quality of the NCM remote controls, and the potentially unsafe nature of the remotes as evidenced by the lack of quality assurance certifications, is highly likely to egregiously harm GDI's hard-earned business reputation. Therefore, GDI has demonstrated a substantial likelihood that it will prevail on the merits.

{9315\00038444.1}  12

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 • TEL. (305) 374-5030 • FAX (305) 374-5033

### 4. The Injury to GDI Outweighs Any Potential Harm to NCM

The injury to the plaintiff in this case greatly outweighs any potential harm to the defendant. In this case, the defendant NCM will suffer no harm recognized by the law if enjoined from selling the counterfeit remote controls because NCM has no right to sell the infringing and unauthorized products. On the other hand, GDI stands to suffer grievous injury and potentially great damage should NCM be permitted to continue selling its counterfeit remote controls. As discussed more fully above, GDI will suffer lost sales due to NCM usurping sale opportunities, dilution of its trade name and market position, and loss of consumer goodwill to an unquantifiable magnitude. Clearly, in balancing the equities, the potential injury to the plaintiff far outweighs any potential harm to the defendant.

### 5. Public Policy Will Not Be Disserved by Entry of the Injunction

Public policy will not be disserved by issuance of an injunction in this case. Public policy in the context of unfair trade practices favors the reward of ingenuity and entrepreneurship, and clearly disfavors deceptive practices such as selling a product under the guise of another company's name. *See* Holt v. O'Brien Imports of Fort Myers, Inc., 862 So.2d 87 (Fla. 2d DCA 2003) (Any attempt to limit liability under Florida Deceptive and Unfair Trade Practices Act is contrary to public policy). Additionally, "customer confusion is by its very nature against the public interest." Teledyne, 433 F.Supp. at 740. "Where an article is good for nothing else but infringement...there is no legitimate public interest in its unlicensed availability." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913 (2005). Therefore, issuance of an injunction to prevent NCM from continuing its unfair trade practices, including palming of its counterfeit remote controls, facilitating and in fact causing customer confusion, is consonant with public policy concerns.

{9315\00038444.1}                                    13

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL. (305) 374-5030 · FAX (305) 374-5033

## 6.  Requirement for Plaintiff to Post A Bond

Pursuant to Florida law, the Court is required to have the Plaintiff post a bond in an amount the Court deems proper upon granting the requested injunction.  Fla. R. Civ. 1.610(b).  The purpose of the injunction bond is to provide sufficient funds to cover the adverse party's costs and damages in the event the temporary injunction is later determined to have been improvidently entered.  Braswell v. Braswell, 881 So.2d 1193 (Fla. 3d DCA 2004).

In considering the bond in the instant case, Plaintiff respectfully suggests that the court consider that the Plaintiff only seeks to enjoin the Defendant from manufacturing and selling counterfeit GDI remotes and/or remotes which are confusing similar to GDI, which NCM is required to do under the law.   Plaintiff believes that the shipment of remotes which the Defendant received on October 9, 2006 to be less than one container, which would not exceed 100,000 remotes.  GDI's higher quality remotes cost approximately .75 per remote.  As such, the Plaintiff respectfully suggests that the Court set the bond for this injunction and seizure order in the amount of $75,000 which will more than adequately protect the Defendant in the unlikely event that any goods are found to be not properly restrained or seized.

## D. Relief Requested

Based upon the foregoing, Plaintiff GDI respectfully requests that this Court enter a temporary injunction:

(1)     Enjoining NCM its agents, employees, related companies, successors and assigns, and all persons acting in concert, participation or combination with it:

a)      from manufacturing or selling its remote control model numbers NCM-U-400;  NCM-86XX;  and  NCM-2200  in  their  current  form  or  any  remote  control

{9315\00038444.1}                              14

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL. (305) 374-5030 · FAX (305) 374-5033

confusingly similar to GDI's remote controls including confusing similar to the GDI remote for the DPV 550 cable converter;

b)      from distributing instruction booklets with any of its remotes which are instruction booklets for GDI products;

c)      from manufacturing or selling any remote controls containing GDI's trade name or trademark and/or telephone number on any part of the remote control or selling any remote controls confusing similar to GDI's remote controls;

d)      from distributing or selling any product bearing GDI's trade name or trade mark and/or telephone number itself or through a third party;

(2)      Prohibiting NCM from using GDI's trade name or trade mark or using any words, names, images, likeness, visual representation, and other items similar to GDI's trade name or reflecting or giving the appearance of an affiliation with GDI;

(3)      Ordering that all infringing remotes in Defendant NCM's possession, custody or control be seized.  The Plaintiff suggests that in order to accomplish this seizure, the Court appoint a third person as an officer of the court (the "Inspector"), to inspect the subject remote controls and confirm that they contain GDI's name on the exterior of the remote, in the battery casing and/or on the motherboard of the remote so that only infringing remotes are seized.  The Plaintiff agrees to be responsible for payment of fees and expenses to the Inspector.

(4) The Plaintiff requests that the Miami-Dade County Sheriff's Office or other appropriate law enforcement officer having jurisdiction in the locale in which the subject remotes are located, and any person acting under their supervision, direction, and control be hereby authorized to conduct the seizure with the Inspector, and with the assistance of the Plaintiff's representative, Jorge Rodriguez, and deliver to the Inspector any and all unauthorized

remotes bearing GDI's name on any part of the remote, including the battery casing and/or motherboard, which the Defendant NCM possesses in their warehouse or other places of business, including any carton, container or vessel in which the said products are carried, pending further orders of this Court.

(5)   Directing that the merchandise be kept in the custody and control of the Sheriff pending further Order from the Court. Plaintiff shall pay all storage costs regarding the seized goods. Plaintiff may seek to recover these costs as a taxable cost at the conclusion of this matter;

(6)   Ordering Defendant NCM to cooperate with the appropriate law enforcement officials and the Inspector regarding the seizure and shall provide the items sought to be inspected and/or seized from wherever such items are maintained; and

(7)   Granting such other relief as this Court deems just and proper.

DATED: October 6, 2006

## Certification

In compliance with Fla. R. Civ. P. 1.610, the undersigned states that no effort has been made to provide notice to the Defendant. Notice should not be required so that the Defendants do not dispose of their inventory of infringing remotes before the court can address these matters, as more fully set forth in this motion.

Respectfully submitted,

HALL, LAMB AND HALL, P.A.
1428 Brickell Avenue, Penthouse
Miami, Florida 33131
Telephone: (305) 374-5030
Facsimile: (305) 374-5033
By:_____
ANDREW C. HALL
FBN: 111480
ADAM J. LAMB
FBN: 899046

{9315\00038444.1}                    16

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 ·TEL. (305) 374-5030 ·FAX (305) 374-5033

## VERIFICATION

I have reviewed the foregoing motion and the facts therein are true and correct to the best of my knowledge.

_____
JORGE RODRIGUEZ

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF MIAMI-DADE)

The foregoing instrument was acknowledged before me this __6th__ day of October, 2006, by JORGE RODRIGUEZ, President of Globaltech Distributors, Inc., who is personally known to me or has produced _____ as identification and who did take an oath.

_____
NOTARY PUBLIC,
State of Florida at Large
_____Joel. Weidman_____
Printed/Typed Name of Notary

My Commission Expires:

Notary Public State of Florida
Joeli Weidman
My Commission DD510508
Expires 01/25/2010

{2222\00038444.1}                          16

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 •TEL. (305) 374-5030•FAX (305) 374-5033

# Composite Exhibit
# A



lighter color when compared to original

Original Part # GDCT-400

Knockoff has a different model number on front case

GDCT-400

NCM-U-400

**EXHIBIT "A-1"** – Universal remote control model GDCT-400 top view



**EXHIBIT "A-2"** – Universal remote control model GDCT-400 battery case



**EXHIBIT "A-3"** – Universal remote control model GDCT-400 Instruction Manual



High Quality L.E.D. Transmitter



Low Quality L.E.D. Transmitter

**EXHIBIT "A-4"** – Universal remote control model GDCT-400 internal circuit board and LED transmitter

# Composite Exhibit
# B



Knockoff has a different model on front case

**EXHIBIT "B-1"** – Single-function remote control model GDRC-400 top view



Inferior Battery Holder

**EXHIBIT "B-2"** - Single-function remote control model GDRC-400 battery case



**EXHIBIT "B-3"** - Single-function remote control model GDRC-400 internal components

{2222\00038446.1}





**EXHIBIT "B-4"** - Single-function remote control model GDRC-400 alignment of circuit board



**EXHIBIT "B-5"** - Single-function remote control model GDRC-400 circuit board

# Composite Exhibit C



Knockoff has a different
model on front case

**EXHIBIT "C-1"** - Single-function remote control model GDRC-86X top view



**EXHIBIT "C-2"** - single function remote control model GDRC-86X internal circuit board

# Exhibit
# D

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GLOBALTECH DISTRIBUTORS, INC.
a Florida corporation,

        Plaintiff,

vs.

NCM SUPPLIES, INC.,
a Florida corporation,

        Defendant.

_____/

General Jurisdiction Division

Case No.:

## DECLARATION OF JOY QUAN

I, JOY QUAN, hereby make the following declaration:

1.     I am over eighteen (18) years of age and make this declaration based upon my personal knowledge.

2.     I am the President of Showa Industries (Shanghai) Ltd. ("Showa") located in Shanghai, China.

3.     Showa is the exclusive manufacturer of remote control devices for Global Distributors, Inc. also known as "GDI." Showa manufactures the remote controls pursuant to GDI's specifications and designs.

4.     Showa manufactures the following model numbers for GDI: GDRC-400, GDRC-86X, GDCT-400. Showa also manufacture GDI model numbers: GD-550; GDRC-175; GDRC-S3; GDRC-S4; GDRC-86XT; GD-2000; GD-700; GDVRD-3; GDRC-200; GDRC-400T; and GDEX-2000.

{AJL\00038364.1}

5.      On February 28, 2006, Showa obtained a design patent in China regarding GDI's design for its remote controls. (Attached as Exhibit "I").  Pursuant to the law of China, GDI may be added to this patent on February 26, 2007.

6.      Showa has never manufactured any remote controls for NCM Supplies, Inc. ("NCM").  Showa has never authorized any third parties to manufacture remote controls for NCM using GDI's specifications and design.

Under penalties of perjury under the laws of the United States of America, I declare that I have read the foregoing and that the facts stated in it are true and correct.

Executed on October 5, 2006.

For and on behalf of
上海索华工贸有限公司
SHOWA INDUSTRIES (SHANGHAI) LTD.

_____   5 Oct. 06
JOY QUAN                          Authorized Signature(s)

# Exhibit
# 1

中华人民共和国国家知识产权局

共 1 页                                                               0613106N

| | |
|---|---|
| 邮政编码：200233                           A<br><br>上海桂平路435号<br>上海专利商标事务所有限公司<br>闻卿<br><br>申请号：200630034072.4 ‖‖‖‖‖‖‖‖‖‖‖‖‖‖ | 发文日期：<br><br><br>2006 年 2 月 28 日 |

## 专利申请受理通知书

根据中华人民共和国专利法第二十八条及其实施细则第三十九条、第四十条的规定，申请人提出的专利申请国家知识产权局专利局予以受理。现将确定的申请号和申请日通知如下：

**申请号：** **200630034072.4**

**申请日**：2006 年 2 月 28 日

**申请人**：上海索华工贸有限公司

**使用该外观设计的产品名称**：遥控器（GDCT-400）

经核实确认国家知识产权局专利局收到如下文件：
请求书      每份页数：2    份数：2          图或照片    每份页数：2    份数：2
专利代理委托书

**简要说明**
1. 根据专利法第二十八条规定，申请文件是邮寄的，以寄出的邮戳日为申请日，若申请人发现上述申请日与邮寄申请文件之日不一致时，可在收到本通知书起两个月内向国家知识产权局专利局受理处提交意见陈述书及挂号条存根，要求办理更正申请日手续。
2. 申请号是国家知识产权局给予每一件被受理的专利申请的代号，是该申请最有效的识别标志，申请人向我局办理各种手续时，均应准确、清晰写明申请号。
3. 寄给审查员个人的文件或汇款不具法律效力。
4. 中间文件、分案申请、要求本国优先权的申请应直接寄交国家知识产权局专利局。

中华人民共和国国家知识产权局

# 中华人民共和国国家知识产权局

共 1 页                                                               061339CN

| | | |
|---|---|---|
| 邮政编码: 200233 | A | 发文日期: |
| 上海桂平路435号 上海专利商标事务所有限公司 闻卿 | | 2006 年 2 月 28 日 |
| 申请号:200630034071.X | | |

## 专利申请受理通知书

根据中华人民共和国专利法第二十八条及其实施细则第三十九条、第四十条的规定，申请人提出的专利申请国家知识产权局专利局予以受理。现将确定的申请号和申请日通知如下：

**申请号：** **200630034071.X**

**申请日：2006 年 2 月 28 日**

**申请人：上海索华工贸有限公司**

**使用该外观设计的产品名称：遥控器（GDEX-2000）**

经核实确认国家知识产权局专利局收到如下文件：
请求书　　　每份页数:2　　份数:2　　　　　　图或照片　每份页数:2　　份数:2
专利代理委托书

**简要说明**
1. 根据专利法第二十八条规定，申请文件是邮寄的，以寄出的邮戳日为申请日。若申请人发现上述申请日与邮寄申请文件之日不一致时，可在收到本通知书起两个月内向国家知识产权局专利受理处提交意见陈述书及挂号信封存根，要求办理更正申请日手续。
2. 申请号是国家知识产权局给予每一件被受理的专利申请的代号，是该申请最有效的识别标志。申请人向我局办理各种手续时，均应准确、清晰写明申请号。
3. 寄给审查员个人的文件或者信函不具法律效力。
4. 中间文件、分案申请、要求专利优先权的申请应直接寄交国家知识产权局专利局。

中华人民共和国国家知识产权局



左视图          右视图



立体图

外 观 设 计 图 或 照 片





主视图                                     后视图





俯视图                                     仰视图



左视图               右视图

立体图

外 观 设 计 图 或 照 片





主视图

后视图





俯视图

仰视图

# Exhibit
# E

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GLOBALTECH DISTRIBUTORS, INC.
a Florida corporation,

           General Jurisdiction Division

    Plaintiff,        Case No.:

vs.

NCM SUPPLIES, INC.,
a Florida corporation,

    Defendant.

_____/

**AFFIDAVIT OF MANUEL VARELA**

BEFORE ME, the undersigned authority, personally appeared Manuel Varela who, after being duly sworn, deposes and says:

1.  I am over 18 years of age and make this affidavit based upon my personal knowledge.

2.  I am the manager of Universal Satellite Distributors, Inc. ("USD") a Florida corporation with its principal office in Miami, Florida. USD sells satellite dishes and receivers and remote controls, cable converters, remote controls modems and cable equipment to its customers. I have been in the cable/satellite television industry since 2000.

3.  On October 2, 2006, I telephoned NCM Supplies, Inc. ("NCM") in order to purchase remote controls to sell to USD's customers and spoke to Yudith Valdez. During the telephone conversation, I asked if NCM sold the universal remote, model number 400, manufactured by Globaltech Distributors, Inc. ("GDI"). She informed me that NCM sold the identical remote. I also requested if she sold the GDI remote for the DPV 550 cable converter.

{AJL\00038254.1}

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL. (305) 374·5030 · FAX (305) 374·5033

She informed me that NCM sold this identical remote and would receive its shipment of the 550 remotes on Monday, October 9, 2006.

4.      Later that day, I visited NCM's office.  NCM sold me a box of 100 remotes for a price of $2.90 each.  (The invoice evidencing this purchase is attached as Exhibit "B").  The universal remote control NCM sold me was identical to GDI model GDCT-400, but contained a model number "NCM-U-400" on the remote.  The NCM remote was the identical shape, contained the identical colors and the identical configuration of buttons as the GDI remote.  The inside of the battery casing of the remote indicated that it was manufactured by GDI.  (Photos are attached as Exhibit "A").  Further, the instruction manual NCM provided with its remote indicated that it was GDI model GDCT-400.  (See Exhibit "A").

5.      It is my opinion that my customers would likely be confused as to the manufacturer of the remotes I purchased from NCM as they are identical in appearance to GDI and indicate in the remote battery casing that its is a GDI remote and in the instruction booklet that it is a GDCT-4000 model remotes.

6.      Based upon my knowledge in the industry, the NCM remotes appear to be of lesser and inferior quality to the GDI remotes.  The LED transmitter is of an inferior quality.  Additionally, the motherboard of the NCM remote is not tightly fitted which can lead to poor performance.  The NCM remote appears to be hand sodered as opposed to machine sodering which is more reliable and stable.  The quality of the components also appears inferior.

7.      Additionally, the GDCT-400 is a pre-programmed remote to be compatible with the CFT 2200 cable converter and DCT 1000 series cable converter.  The NCM remote is not pre-programmed.

{AJL\00038254.1}

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 • TEL. (305) 374-5030 • FAX (305) 374-5033

FURTHER AFFIANT SAYETH NOT.

STATE OF FLORIDA       )
                             ) SS
COUNTY OF MIAMI-DADE)

MANUEL VARELA

SWORN TO AND SUBSCRIBED before me this 3 day of October, 2006, by MANUEL VARELA who is personally known to me or has produced DL V 640-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 as identification and did take an oath.

Irma Fernandez
Commission # DD534007
Expires March 28, 2010
Bonded Troy Fain - Insurance, Inc 800-385-7019

NOTARY PUBLIC, State of Florida
Print Name:

*Irma Fernandez*

My Commission Expires: 3/28/2010 .

{AJL\00038254.1}

HALL, LAMB AND HALL, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL. (305) 374-5030 · FAX (305) 374-5033